United States District Court
Southern District of Texas
**ENTERED**
November 09, 2023
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| JOSEPH GIULIANO, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:22-cv-00425 |
| | § | |
| TRIANGLE CAPITAL PROPERTIES, | § | |
| LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

### OPINION AND ORDER

This is a relatively simple and straightforward breach of contract action. Pending before me is a Motion for Partial Summary Judgment filed by Plaintiff Joseph Giuliano ("Giuliano"). *See* Dkt. 32. Defendants Triangle Capital Properties, LLC ("Triangle") and Royal Texas LLC ("Royal") (collectively, "Defendants") have filed Objections and Response to Giuliano's Motion for Partial Summary Judgment. *See* Dkt. 34. Giuliano has filed a reply in support of his Motion for Partial Summary Judgment. *See* Dkt. 37. After reviewing the briefing, the record, and the applicable law, I conclude that Giuliano's Motion for Partial Summary Judgment should be **GRANTED IN PART and DENIED IN PART**.

### BACKGROUND

On April 26, 2016, Store Investment Corporation ("Store"), as lessor, executed a Lease Agreement with Triangle, as lessee, for a commercial property located at 13530 Highway 6 in Santa Fe, Texas (the "Property"). The Lease Agreement contained an initial expiration date of June 13, 2032 and provided Triangle the right to extend the lease under certain circumstances. On the same date the Lease Agreement was executed, April 26, 2016, Royal also signed a document titled "Unconditional Guaranty of Payment and Performance" ("Guaranty Agreement"), unconditionally guaranteeing Triangle's obligations under the Lease Agreement.

In July 2017, Store assigned, sold, and transferred its rights, title, and interest in the Lease Agreement and Guaranty Agreement to Giuliano.

In 2020, Giuliano sued Defendants, alleging that Triangle had breached the Lease Agreement and Royal had breached the Guaranty Agreement. The parties eventually settled the litigation in September 2021, agreeing to reinstate the Lease Agreement, dismiss the lawsuit with prejudice, and execute a $30,000 promissory note ("Promissory Note") in favor of Giuliano. The Settlement Agreement also contained a pledge by Defendants to make tenant improvements to the Property.

The peace did not last long. On November 17, 2022, Giuliano sent Triangle and Royal several letters, alleging that Triangle and Royal had breached their obligations under the Lease Agreement, Guaranty Agreement, Promissory Note, and Settlement Agreement. This lawsuit followed in December 2022.

Giuliano has now moved for partial summary judgment, arguing that the Defendants have breached various contractual obligations under the Lease Agreement, Guaranty Agreement, Promissory Note, and Settlement Agreement. Giuliano does not seek summary judgment as to the amount of damages.

## SUMMARY JUDGMENT STANDARD

"Summary judgment is proper when there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law." *Coleman v. United States*, 912 F.3d 824, 828 (5th Cir. 2019); *see also* FED. R. CIV. P. 56(a). "The summary judgment movant bears the burden of proving that no genuine issue of material fact exists." *Certain Underwriters at Lloyds, London v. Cox Operating*, 83 F.4th 998, 1002 (5th Cir. 2023). A fact issue "is material only if its resolution could affect the outcome of the action." *Manning v. Chevron Chem. Co.*, 332 F.3d 874, 877 (5th Cir. 2003) (quotation omitted). When deciding whether a fact issue exists, I must review the evidence and draw all inferences in the light most favorable to the nonmoving party. *See Bourne v. Gunnels*, 921 F.3d 484, 492 (5th Cir. 2019). Because Giuliano, as plaintiff, bears the burden of proof at trial on his claims for affirmative relief, he "must establish beyond peradventure *all* of the

essential elements of the claim . . . to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

## OBJECTIONS TO SUMMARY JUDGMENT EVIDENCE

Before I consider whether partial summary judgment is proper, I must first address several objections that Defendants have lodged to the Declaration of Joseph Giuliano, which is attached as Exhibit A to Giuliano's Motion for Partial Summary Judgment.

**Objection No. 1** – In Giuliano's declaration, he avers: "In July of 2017, [Store] assigned and transferred all of its right, title, and interest in the Lease Agreement, as well as the Guaranty Agreement, to Giuliano as more fully set forth in an Assignment and Assumption of Lease and Rents and Guaranty." Dkt. 32-1 at 1. Defendants argue that "[w]hile this statement might provide the basis of [Giuliano's] knowledge of the purported documents referenced[,] it does not support [Giuliano's] asserted allegations of fact regarding [Store's] actions." Dkt. 34 at 2. I have no clue to which "allegations of fact regarding [Store's] actions" Defendants refer. I do know that there is nothing inappropriate about the sentence quoted above.

"An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." FED. R. CIV. P. 56(c)(4). When considering a motion for summary judgment, I must disregard any portion of a declaration that fails to comply with Rule 56(c)(4). *See Akin v. Q–L Invs., Inc.*, 959 F.2d 521, 531 (5th Cir. 1992). Here, Giuliano's declaration includes language indicating that his statements "are true and correct and within [his] own personal knowledge." Dkt. 32-1 at 1. Moreover, Giuliani unquestionably possesses personal knowledge of this statement. He is the individual to whom Store transferred the rights in the Lease Agreement and Guaranty Agreement. I overrule Objection No. 1.

**Objection No. 2** – Defendants next object to Giuliano's declaration that "Store Investment Corporation (who is not a party to this lawsuit), as Lessor, executed a Lease Agreement with Triangle . . . for the lease of a commercial property . . . operating as a Church's Chicken franchise." *Id.* Defendants claim this sentence is inadmissible because it contains "conclusory opinion statements from a person not designated as an expert and without supporting basis in fact." Dkt. 34 at 2. In making this objection, Defendants conveniently forget that they specifically admitted to the very facts alleged in this sentence in their answer. *See* Dkt. 11 at 2. Defendants are bound by the admissions in their answer. *See State Farm Fire & Cas. Co. v. Flowers*, 854 F.3d 842, 845 (5th Cir. 2017). I will not strike this sentence from the summary judgment record.

Defendants also complain that they have not had the opportunity to depose Giuliano concerning this testimony, and they ask permission to conduct his deposition before I consider the Motion for Partial Summary Judgment. I may defer or deny a motion for summary judgment, or allow additional time for discovery, if a "nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." FED. R. CIV. P. 56(d). To prevail on a Rule 56(d) motion, Defendants "must show (1) why [they] need[] additional discovery and (2) how that discovery will create a genuine issue of material fact." *January v. City of Huntsville*, 74 F.4th 646, 651 (5th Cir. 2023) (quotation omitted). The party seeking to delay consideration of a summary judgment motion in order to conduct further discovery cannot "simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts." *Am. Fam. Life Assurance Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) (quotation omitted). Defendants are also not entitled to relief under Rule 56(d) if they have not "diligently pursued discovery." *Beattie v. Madison Cnty. Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001).

As an initial matter, Defendants' request for delay fails to comply with Rule 56(d) because it is not supported by affidavit or declaration. That, alone, is reason

enough to deny the request. Additionally, Defendants fail to identify specific facts that "probably exist" or explain how those facts "if adduced [at Giuliano's deposition], will influence the outcome of the pending summary judgment motion." *Biles*, 714 F.3d at 894 (quotation omitted). It is not sufficient for Defendants to simply scream from the mountaintop that they need to take Giuliano's deposition. *See Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990) ("This court has long recognized that a [party]'s entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited, and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by the [party] to withstand a motion for summary judgment."). Finally, Defendants' failure to diligently pursue discovery weighs against postponing a ruling on the Motion for Partial Summary Judgment. Defendants waited until their summary judgment response—filed on August 15, 2023—to request Giuliano's deposition for the first time. This case has been pending since December 2022. The Docket Control Order I entered set a discovery deadline of August 31, 2023. Waiting until two weeks before the end of the discovery period to raise the prospect of taking the named plaintiff's deposition does not indicate that Defendants have diligently pursued discovery. *See Dominick v. Mayorkas*, 52 F.4th 992, 996 (5th Cir. 2022) (finding that a district court did not abuse its discretion in denying a Rule 56(d) motion when the non-moving party "failed to diligently pursue her limited discovery needs"). I have no earthly idea if Defendants timely deposed Giuliano, but it is telling that Defendants have not asked to supplement the summary judgment record with any deposition testimony from Giuliano. Thus, I deny Defendants' request to postpone consideration of the Motion for Partial Summary Judgment until after they take Giuliano's deposition.

**Objection No. 3** – Defendants also object to the following sentence in Giuliano's declaration: "As a result of Defendants' breach, I filed suit." Dkt. 32-1 at 2. Defendants contend this statement is conclusory and offers a legal opinion. I

disagree. These are specious objections that do not merit an extended discussion. Objection No. 3 is overruled.

**Objection No. 4** – Next, Defendants object to this statement: "That litigation was settled in which the parties agreed to continue under the terms of the Lease Agreement, as well as the execution of a Promissory Note." *Id.* Defendants contend these "are conclusory statements of an interested party about a proceeding in another case, or related to another case, and as such are hearsay." Dkt. 34 at 3. Defendants also seek—in a separate objection also labeled Objection No. 4—to strike the Settlement Agreement itself as hearsay. Because both objections concern the Settlement Agreement, I will address them together.

Hearsay is an out-of-court statement offered "to prove the truth of the matter asserted." FED. R. EVID. 801(c). The Fifth Circuit has explained:

> Signed instruments such as wills, contracts, and promissory notes are writings that have independent legal significance, and are nonhearsay. A contract is a verbal act. It has legal reality independent of the truth of any statement contained in it. Under the objective theory of contracts, the fact that two parties signed a contract is enough to create legal rights, whatever the signatories might have been thinking when they signed it. The admission of a contract to prove the operative fact of that contract's existence thus cannot be the subject of a valid hearsay objection. To introduce a contract, a party need only authenticate it.

*Kepner-Tregoe, Inc. v. Leadership Software, Inc.*, 12 F.3d 527, 540 (5th Cir. 1994); *see also In re Eckerd,* No. 18-41521, 2019 WL 5250774, at *5 (Bankr. E.D. Tex. Oct. 16, 2019) ("Defendant's hearsay objection to . . . [the state court settlement agreement] executed by and among the parties is overruled because it is not hearsay."). "A settlement agreement is a contract." *BP Expl. & Prod., Inc. v. Claimant ID 100094497*, 910 F.3d 797, 801 (5th Cir. 2018) (quotation omitted). Accordingly, both Objections 4 are also overruled.

**Objection No. 5** – Defendants' final objection concerns four additional statements contained in Giuliano's declaration:

- "While Triangle and Royal initially complied with the terms of the Settlement Agreement and made payments as required under the Lease, Triangle and Royal ultimately ceased paying the monthly lease payments under the Lease, as well as the Note without any notice or excuse. Beginning with the Lease payment due in November 2022, Triangle failed to pay the monthly Lease payment." Dkt. 32-1 at 2.

- "Additionally, as part of the Settlement Agreement, Triangle and Royal agreed to make tenant improvements to the property and acknowledged [that Giuliano is entitled to recover the cost of improvements not timely undertaken and substantially completed, under certain conditions]." *Id.* at 2–3.

- "Triangle and Royal never made such improvements, entitling me to recover the cost of making the tenant improvements." *Id.* at 3 (quotation omitted).

- "By abandonment of the Lease and the other incidents of default identified above, and as allowed under Section 12.02(a) of the Lease, I am entitled to terminate the Lease at which time Tri[a]ngle's right to possession of the property ceases and the Lease, except as to Triangle's and Royal's liability, is terminated." *Id.*

Defendants first argue that "[t]hese statements are opinion testimony taken from someone not designated as an expert." Dkt. 34 at 4. That objection fails miserably. The referenced statements are not inadmissible opinion testimony— they are statements of fact made by someone with personal knowledge of the events discussed. Such testimony is admissible.

Defendants also restate their previous request to depose Giuliano prior to his testimony being presented as part of the summary judgment record. For the reason I have already discussed at length, that request is denied. Objection No. 5 is overruled.

## ANALYSIS

Now that I have disposed of Defendants' indefensible objections, I can turn to the main event: whether Giuliano is entitled to partial summary judgment on his claims for liability under the Lease Agreement, Settlement Agreement, Promissory Note, and Guaranty Agreement.

A.   **BREACH OF THE LEASE AGREEMENT BY TRIANGLE**

Giuliano contends that Triangle breached the Lease Agreement in two respects. First, although the Lease Agreement required Triangle to make monthly lease payments, Giuliano says that Triangle stopped paying the monthly lease payments beginning in November 2022. Second, Giuliano asserts that Triangle breached the Lease Agreement by failing to repair, maintain, and pay taxes on the Property.

"The elements of a claim for breach of a lease or contract are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff resulting from the breach." *Bagby 3015, LLC v. Bagby House, LLC*, 674 S.W.3d 609, 621 (Tex. App.—Houston [1st Dist.] 2023, no pet.). To determine whether summary judgment is proper on Giuliano's breach of the Lease Agreement claim, I simply have to walk through the necessary elements for such a claim one-by-one.

The first element of a breach of contract claim—the existence of a valid contract—is satisfied because the Lease Agreement is certainly a valid contract, as established by Giuliano's declaration.

The second element requires Giuliano to show that he performed or tendered performance under the Lease Agreement. Although Giuliano confidently states in his Motion for Partial Summary Judgment that he "performed under the Lease by allowing Triangle full access to, and quiet use and enjoyment of, the Property," there is no summary judgment evidence to be found that supports this avowal. Mere assertions in pleadings do not constitute competent summary judgment evidence. *See Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996). Although I certainly expect that Giuliano will present testimony at trial establishing that he performed his obligations under the Lease Agreement, no such evidence exists in the summary judgment record. For that reason, partial summary judgment is not appropriate on Giuliano's breach of Lease Agreement claim.

Assuming Giuliano could establish that he performed or tendered performance under the Lease Agreement, I would have to determine whether Triangle breached the Lease Agreement—the third element of a breach of contract claim. There is no question that Triangle breached the monthly payment obligation. The uncontroverted summary judgment evidence establishes that Triangle stopped making the monthly payments in November 2022. But Giuliano's claim that Triangle breached the Lease Agreement by failing to repair, maintain, and pay taxes on the Property runs into a bit of a roadblock. No summary judgment evidence indicates that Triangle failed to repair, maintain, and pay taxes on the Property. The Giuliano declaration, the one piece of evidence that Giuliano heavily relies on in seeking partial summary judgment, is notably silent on this front. Again, it might not be difficult for Giuliano to adduce such evidence at trial. But it is nowhere to be found in the summary judgment record. Accordingly, summary judgment is not proper on Giuliano's breach of Lease Agreement claim. That claim will have to be resolved at trial.

## B.   BREACH OF THE SETTLEMENT AGREEMENT BY DEFENDANTS

Next, Giuliano contends that partial summary judgment should be granted on his breach of the Settlement Agreement claim.[1] The Settlement Agreement expressly required Defendants to make certain tenant improvements. Giuliano has presented unrefuted summary judgment evidence—his declaration—establishing that Defendants never made such tenant improvements.

Because "[s]ettlement agreements are governed by the law of contracts" under Texas law, the elements for a breach of a settlement agreement are the same as for a breach of contract. *Schriver v. Tex. Dep't of Transp.*, 293 S.W.3d 846, 851

---

[1] Defendants argue that Giuliano cannot seek summary judgment for a breach of the Settlement Agreement because no such claim for affirmative relief is presented in the complaint. There is one glaring problem with this argument: the Second Amended Complaint, the live pleading, *does* contain such a claim. Count 3 is titled, "Breach of Settlement Agreement," and that section explains in great detail why Giuliano believes Defendants have violated the Settlement Agreement. Dkt. 29 at 5.

(Tex. App.—Fort Worth 2009, no pet.). To prevail at the summary judgment stage, Giuliano must show: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff resulting from the breach." *Bagby 3015, LLC*, 674 S.W.3d at 621.

Elements 1 and 3 are easily met. The Settlement Agreement is a valid contract (element 1), and Defendants unquestionably breached the Settlement Agreement by failing to timely undertake and substantially complete tenant improvements (element 3). The stumbling point, once again, is element 2, which requires Giuliano to demonstrate that he performed his obligations under the Settlement Agreement. All I would need is a simple statement in Giuliano's declaration that he performed his obligations as required by the Settlement Agreement. But Giuliano has failed to produce any evidence establishing that he performed his obligations under the Settlement Agreement. As a result, summary judgment is not proper on the breach of the Settlement Agreement claim.

## C.   BREACH OF THE PROMISSORY NOTE BY DEFENDANTS

On August 27, 2021, Triangle executed, and Royal guaranteed, payment of a Promissory Note in the amount of $30,000 payable in monthly installments of $1,250. According to Giuliano, Triangle stopped making monthly payments as required by the Promissory Note "without any notice or excuse." Dkt. 32-1 at 2.

Texas law has "specified different essential elements for a claim on a promissory note than for a claim for breach of other types of contracts." *Dorsett v. Hisp. Hous. & Educ. Corp.*, 389 S.W.3d 609, 615 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (Frost, J., concurring). To enforce the Promissory Note, Giuliano must prove: (1) the note in question; (2) that Defendants signed the note; (3) that Giuliano is the holder or owner of the note; and (4) that a certain balance is due on the note. *See Campbell v. Tex. Tea Reclamation, LLC*, No. 3:20-cv-00090, 2021 WL 3008285, at *1 (S.D. Tex. June 15, 2021) (collecting cases). No genuine issue of material fact exists on these elements.

On element one, the summary judgment record contains a copy of the Promissory Note, *see* Dkt. 32-6, thus establishing that a note exists.

On element two, Giuliano's summary judgment evidence establishes that Defendants signed the Promissory Note—Triangle as the debtor and Royal as the guarantor. *See id.* at 2.

On element three, Giuliano must demonstrate that he is the holder of the Promissory Note. The Texas Business and Commerce Code defines "holder" as "the person in possession of a negotiable instrument." TEX. BUS. & COM. CODE § 1.201(b)(21)(A). An instrument is negotiable if it is a written unconditional promise to pay a sum certain in money, upon demand or at a definite time, and "is payable to bearer or to order at the time it is issued or first comes into possession of a holder." *Id.* § 3.104(a)(1). To qualify as an instrument payable "to order," the Promissory Note must state that it is payable "(i) to the order of an identified person" (i.e., "Pay to the order of Joe Smith"), or "(ii) to an identified person or order" (i.e., "Pay to Joe Smith or order"). *Id.* § 3.109(b). Here, the Promissory Note specifically states that it is payable "to the order of JOSEPH GIULIANO." Dkt. 32-6 at 1. Given this language, Giuliano is unquestionably the holder of the Promissory Note.

On element four, Giuliano has established that an amount is due and owing under the Promissory Note.

Giuliano is entitled to partial summary judgment establishing that Defendants have breached the Promissory Note. The specific amount of damages Giuliano is entitled to will be determined at trial.

## D.   BREACH OF THE GUARANTY AGREEMENT BY ROYAL

As explained, Royal executed the Guaranty Agreement on April 26, 2016, unconditionally guaranteeing Triangle's obligations under the Lease Agreement. In July 2017, the Guaranty Agreement was assigned, sold, and transferred to Giuliano. Giuliano now seeks partial summary judgment to establish that Royal has breached the Guaranty Agreement. Because I did not, as a matter of law, find

that Giuliano is entitled to summary judgment on this breach of the Lease Agreement claim against Triangle, I cannot say that Royal has breached the Guaranty Agreement. Summary judgment should not be granted on Giuliano's cause of action for breach of the Guaranty Agreement.

## CONCLUSION

To summarize, I **DENY** Giuliano's Motion for Partial for Summary Judgment on Giuliano's claims for breach of the Lease Agreement, breach of the Settlement Agreement, and breach of the Guaranty Agreement. Giuliano's Motion for Partial for Summary Judgment is **GRANTED** on Giuliano's claim for breach of the Promissory Note. Liability is established. Damages will be determined at trial.

SIGNED this 9th day of November 2023.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE